■ In the Matter of the Claim of ALEXANDER PIRAGOWSKI, Respondent, against NATIONAL SUGAR REFINING COMPANY et al., Appellants, and SPECIAL DISABILITY FUND, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer, its carrier and the Special Disability Fund from a decision and award of the Workmen's Compensation Board. The claimant began work as a fireman for the appellant in 1911. Up to 1928 he shoveled coal into the boilers by hand and after that time mechanical stokers were used but the claimant testified that he continued to be exposed to coal dust, so much at times that it choked him. He stopped work on January 20, 1955 because he was having difficulty breathing. On February 3, 1955 the claimant was hospitalized and the diagnosis was bronchopneumonia, arteriosclerotic heart disease, auricular fibrillation, chronic bronchitis and hypertrophied prostate. In January, 1957 a claim was filed alleging injury to the lungs and respiratory tract due to exposure to coal dust. Medical testimony was given by the claimant's attending physician and a board doctor indicating that the claimant had pneumoconiosis or silicosis caused by his exposure to coal dust, that this condition of itself was totally disabling and that it also contributed to the underlying heart condition. The board found that as a result of injurious exposure the claimant contracted pneumoconiosis which was totally disabling and which aggravated his underlying heart condition. The date of disablement was

set as February 3, 1955. Compensation is payable for total disability or death resulting from silicosis or other dust diseases (Workmen's Compensation Law, § 3, subd. 2, par. 28) but not for partial disability resulting therefrom (§ 39). However, if the silicosis or other dust disease combined with another condition results in total disability an award can be made (*Matter of Muldoon* v. *Woods & Co.*, 8 A D 2d 888, motion for leave to appeal denied 7 N Y 2d 706). There is substantial evidence in this record indicating that the claimant is totally disabled, either from the pneumoconiosis alone or in conjunction with the heart condition. Disablement must result within two years of the last injurious exposure and under section 47 any exposure to harmful dust for 60 days after September 1, 1935 is presumed, in the absence of substantial evidence to the contrary, to be injurious exposure. There is sufficient evidence of harmful exposure here right up to the time the claimant stopped work and in any event under section 44-a as it now reads the employer is liable when the disablement occurs within two years after the termination of the employment if the employee was transferred from injurious exposure to noninjurious exposure. The board could properly set February 3, 1955 as the date of disablement. X rays taken when the claimant entered the hospital on that day indicated the presence of pneumoconiosis, he had just previously stopped work due to difficulty in breathing and he never again returned to gainful employment. Decision and award unanimously affirmed, with costs to the Workmen's Compensation Board against the employer and carrier. Present — Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ.